**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SKOKOMISH INDIAN TRIBE, a federally recognized Indian tribe, on its own behalf and as parens patriae of all enrolled members of the Indian tribe,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>LEONARD FORSMAN, Chairman of the Suquamish Tribal Council; BARDOW LEWIS, Vice-Chairman of the Suquamish Tribal Council; NIGEL LAWRENCE, Secretary of the Suquamish Tribal Council; ROBIN SIGO, Treasurer of the Suquamish Tribal Council; LUTHER MILLS, Jr., Member of the Suquamish Tribal Council; RICH PURSER, Member of the Suquamish Tribal Council; SAMMY MABE, Member of the Suquamish Tribal Council; ROBERT PURSER, Jr., Fisheries Director for the Suquamish Tribal Council; SUQUAMISH INDIAN TRIBE,<br><br>        Defendants-Appellees. | No.    17-35336<br><br>D.C. No. 3:16-cv-05639-RBL<br><br>MEMORANDUM[*] |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 6, 2018
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,[**] District Judge.

The Skokomish Indian Tribe appeals from the district court's dismissal of its claims for declaratory and injunctive relief against officials of the Suquamish Indian Tribe ("Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. While Defendants raise multiple alternate grounds that they argue would bar Skokomish's claims, we agree with the district court that this action must be dismissed for failure to join indispensable parties under Federal Rule of Civil Procedure 19.

As an initial matter, there is no merit to Skokomish's assertion that its asserted treaty *hunting* rights were adjudicated in the decades-long litigation stemming from *United States v. Washington*, 384 F. Supp. 312 (W.D. Wash. 1974). No plausible reading of the original injunction decision or subsequent proceedings and appeals to this court supports the conclusion that the litigation

---

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

decided anything other than treaty *fishing* rights. *See, e.g.*, *United States v. Skokomish Indian Tribe*, 764 F.2d 670, 672 (9th Cir. 1985) ("In this case, the Skokomish . . . and the Suquamish . . . had asserted claims for a determination of only their usual and accustomed fishing places."). Skokomish nonetheless relies broadly on the reservation of rights doctrine to argue that the primary-right determination for fishing rights automatically imputes to hunting rights. Defendants and the amici tribes have, however, offered a conflicting interpretation of the relevant treaties, and while we do not reach the merits of their competing hunting claims, we find these claims plausible and non-frivolous. We must therefore engage in the Rule 19 analysis. *See Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992).

An absent tribe's joinder is "required" under Rule 19 "if either: (1) the court cannot accord 'complete relief among existing parties' in the [tribe's] absence, or (2) proceeding with the suit in its absence will 'impair or impede' the [tribe's] ability to protect a claimed legal interest relating to the subject of the action, or 'leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.'" *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (quoting Fed. R. Civ. P. 19(a)(1)(A)–(B)). "Only if we determine that the [tribe] is a required party do we proceed to the second

Rule 19 inquiry: whether joinder is feasible, or is barred by sovereign immunity." *Id*. "Finally, only if joinder is impossible must we determine whether, in 'equity and good conscience,' the suit should be dismissed." *Id*. (quoting Fed. R. Civ. P. 19(b)). We review a Rule 19 dismissal for abuse of discretion "but review the legal conclusions underlying that determination *de novo*." *Id*. at 1125.

Turning to the first step, we find that, at a minimum, the Jamestown S'Klallam and Port Gamble S'Klallam Tribes are required parties to this action. Like Defendants, these amici tribes' interpretation of their reserved hunting rights conflicts with Skokomish's primary-right claim, which entails the power to exclude members from *all* other Stevens Treaty Tribes from hunting in the land at issue. Therefore, the district court correctly concluded that deciding Skokomish's claims against the Suquamish Defendants would necessarily decide Skokomish's hunting rights in relation to *the amici tribes* and potentially other absent, non-party Stevens Treaty Tribes.

Because Skokomish concedes that the absent tribes' sovereign immunity bars their involuntary joinder, we address whether these tribes are "indispensable" parties. *See Shermoen*, 982 F.2d at 1318. This inquiry addresses four factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:

4

(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Under the first factor, the prejudice to the absent amici tribes if Skokomish prevails "stems from the same legal interests that makes" these tribes required parties under Rule 19(a). *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1499 (9th Cir. 1991). As to the second factor, Skokomish asserts that we could enjoin the Suquamish officers without affecting the amici tribes' hunting rights. But as discussed above, Skokomish's primary-right claim is at odds with the claimed treaty rights of any tribe—including amici—that seeks to hunt in the land at issue. The district court therefore correctly determined that "[t]here is no practical way to lessen or avoid this prejudice."

Turning to the last factor, we acknowledge that a Rule 19 dismissal will likely leave Skokomish without an alternate judicial forum. However, this result is not dispositive of the indispensable-party analysis. *White v. Univ. of Cal.*, 765 F.3d 1010, 1028 (9th Cir. 2014) ("[V]irtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether a remedy is available, if the

absent parties are Indian tribes invested with sovereign immunity."). Given the important treaty rights that Skokomish's claims implicate, we find that the district court did not abuse its discretion in concluding that this action cannot "in equity and good conscience" proceed in the amici tribes' absence. *See Skokomish Indian Tribe v. Goldmark*, 994 F. Supp. 2d 1168, 1186–92 (W.D. Wash. 2014) (arriving at the same conclusion where Skokomish sought to enjoin state and county officials based on the same treaty interpretation it advances in the instant case), *appeal voluntarily dismissed*, No. 14-35209 (9th Cir. 2014).

Finally, the district court did not err in sua sponte denying Skokomish leave to amend its complaint. Skokomish has cursorily argued that it can remedy the absence of indispensable parties by adding the officers of the other Stevens Treaty Tribes to this action. Skokomish has failed, however, to allege that any tribe other than Suquamish has promulgated and is enforcing the type of tribal hunting regulation at issue.[1] Leave to amend would therefore be futile.

Accordingly, the district court's judgment is **AFFIRMED**.

---

[1] At oral argument, Skokomish represented that it would be willing to amend its complaint to remove its primary-right claim—at least as to the amici tribes. This amendment, however, would drastically alter Skokomish's theory of the case, and we decline to consider arguments not raised in the opening brief.